1

2

3

4                          UNITED STATES DISTRICT COURT

5                      FOR THE EASTERN DISTRICT OF CALIFORNIA

6

7    S. DEANDA,                              No.  2:16-cv-2755 JAM GGH P

8                Petitioner,

9         v.                                 ORDER:FINDINGS AND
                                             RECOMMENDATION
10   UNKNOWN,

11               Respondent.

12

13        Petitioner has requested an extension of time to file a petition for writ of habeas corpus.

14   Good cause appearing, IT IS HEREBY ORDERED that:

15        1.  Petitioner's request for an extension of time (ECF No. 8) is denied;

16        2.  This order shall be served on Michael Patrick Farrell, Senior Assistant Attorney

17            General, State of California.

18        IT IS RECOMMENDED that the action be dismissed without prejudice.

19        As explained previously, petitioner cannot preempt the AEDPA habeas corpus time

20   limitations by continually requesting extensions of time to file a petition.  A habeas corpus

21   proceeding is not commenced until a petition is filed.  See Rules Governing 2254 Actions, Rule

22   12, adopting Fed.R.Civ.P rules, unless inconsistent with the habeas rules, and Fed.R.Civ.P. 3

23   providing that an action is "commenced" with the filing of a complaint.  Therefore, a [non-death

24   penalty] habeas action is "commenced" with the filing of a petition.  Without some document

25   which cognizably could be termed a petition, even if defective, no habeas action is commenced.

26   *Unless statutes or the rules otherwise provide*, a court has no jurisdiction to issue determinations

27   on issues which *may or may not* be raised once the action is commenced and ongoing,-- when the

28   respondent party has been served and is available to contest the issue, if respondent so desires.

1

1    Some courts agree with the undersigned; some do not.  See United States v. Leon, 203

2    F.3d 162 (2nd Cir. 2000) (no jurisdiction); Soocha v. Pollard, 621 F.3d 667 (7th Cir. 2010)

3    (jurisdiction).  Lower courts fall on both sides of the question.  And, the Supreme Court ruled in a

4    death penalty habeas context, with a *statutorily authorized*, more or less mandatory, counsel

5    appointment procedure, that death penalty habeas corpus actions commence with a request for

6    counsel. McFarland v. Scott, 512 U.S. 849 (1994).  However, this present "action" does not

7    derive from a death penalty case.

8    It makes no more sense in the context of a non-death penalty habeas proceeding to review,

9    *ex parte*, a *possible* statute of limitations *defense* and extensions of time regarding the

10   commencement of the action, than it does to make the same determination in a contract or tort

11   context prior to the commencement of the action.  The undersigned agrees with Leon.

12   These findings and recommendations are submitted to the United States District Judge

13   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

14   after being served with these findings and recommendations, petitioner may file written

15   objections with the court and serve a copy on all parties.  Such a document should be captioned

16   "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that

17   failure to file objections within the specified time may waive the right to appeal the District

18   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

19   Dated: January 19, 2017

20                                       /s/ Gregory G. Hollows
                                   UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25   Dean.2755.EOT.amm

26

27

28

2